# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**NELSON PEREZ,**

    **Petitioner,**

**vs.**　　　　　　　　　　　　　　　　**Case No. 4:13cv257-MW/CAS**

**STATE OF FLORIDA,**

    **Respondent.**

_____/

## REPORT AND RECOMMENDATION

Petitioner, proceeding *pro se*, has submitted a pleading entitled "petition for a writ of error coram nobis." Doc. 1. Petitioner did not pay the filing fee at the time of case initiation, nor did Petitioner file a motion seeking leave to proceed in forma pauperis. Nevertheless, it appears that this case should not proceed in this Court.

It is likely that Petitioner did not intend for this case to be brought in this Court because at the top of the petition, Petitioner indicated this case was to be filed in "the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida." Doc. 1 at 1. Indeed, pursuant to that heading, it is not entirely clear whether Petitioner even intended to file this case in federal court or in state court.

Nevertheless, assuming Petitioner intended for this case to proceed in federal court, Petitioner states that he is currently detained by the Department of Homeland Security, Immigration and Customs Enforcement, and he is located at the Krome Service Processing Center in Miami, Florida. Doc. 1 at 16. Because Petitioner is located in Miami and not within the territorial jurisdiction of the Northern District of Florida, this case should be transferred to the Southern District of Florida.

Generally, pursuant to Rumsfeld v. Padilla, 542 U.S. 426, 439, 124 S.Ct. 2711, 159 L.Ed.2d 513 (2004), when a "§ 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement." Padilla, 542 U.S. at 447, 124 S.Ct. at 2724. Here, Petitioner named the State of Florida as Respondent because Petitioner seeks to vacate a state court conviction on the basis that counsel was ineffective for failing to advise Petitioner of the immigration consequences of entering a guilty plea to charges on or about August 14, 2012. Doc. 1 at 1. Petitioner's case is premised upon the rule of Padilla v. Kentucky, 559 U.S. 356, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010), that counsel must advise his or her client of the immigration consequences of pleading guilty and holding that Strickland[1] applies to such claims. The Supreme Court has recently held in Chaidez v. United States, 568 U.S. ——, 133 S.Ct. 1103 (Feb. 20, 2013), that Padilla established a "new rule" for retroactivity purposes, and that "defendants whose convictions became final prior to Padilla

---

[1] In Strickland v. Washington, 466 U.S. 668, 692, 104 S.Ct. 2052, 2067, 80 L.Ed.2d 674 (1984), the Court held that "any deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution."

therefore cannot benefit from its holding." Id. at ——, 133 S.Ct. at 1113; *see also* United States v. Garcia, 2013 WL 1799861 at *1 (11th Cir. April 30, 2013); Aguila v. United States, 2013 WL 1316472 at *1 (11th Cir. April 3, 2013). Because Petitioner's conviction is after Padilla, and because Petitioner did not file in the district of confinement, this action should be transferred to the Southern District of Florida where Petitioner is housed and where it appears Petitioner was convicted for further proceedings.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that this petition for writ of error coram nobis be **TRANSFERRED** to the United States District Court for the Southern District of Florida, Miami Division, for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on May 3, 2013.


 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**